IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MAURICE MOUZON**,

Petitioner,

v.                          **Civil No.: 3:18-CV-126**
                                     **(JUDGE GROH)**

**FREDERICK ENTZEL, Complex Warden,**

Respondent.

## REPORT AND RECOMMENDATION

### I.     INTRODUCTION

On August 8, 2018, the pro se Petitioner, Maurice Mouzon, filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241. When the petition was filed, Petitioner was a federal inmate housed at FCI Hazelton.[1] Petitioner is challenging the validity of his conviction and sentence imposed in the United States District Court for the District of Maryland. Following the August 8, 2018, issuance by the Clerk of a Notice of Deficient Pleading [ECF No. 2], on August 16, 2018, Petitioner paid the $5.00 filing fee. ECF No. 5.

This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 2 and 28 U.S.C. § 1915A.

---

[1] On April 12, 2019, Petitioner informed the Clerk of the Court via letter [ECF No. 6] that he is "at a new location." On that same day, the Clerk of the Court notified Petitioner that he must file a Notice of Change of Address on the court approved form and attached the form for Petitioner to comply. ECF No. 7. On April 25, 2019, Petitioner filed a Notice of Change of Address notifying the Court that he is located in F.C.I. Coleman in Coleman, Florida. ECF No. 9.

## II. FACTS[2]

### A. Conviction and Sentence

On December 12, 2006, in the United States District Court for the District of Maryland, a second superseding indictment was filed against Petitioner in Case No. 1:06-CR-453. ECF No. 22.  The three-count second superseding indictment charged Petitioner in Count One with distribution and possession with intent to distribute narcotics, in Count Two with possession of a firearm in furtherance of a drug trafficking crime, and in Count Three with possession of a firearm by a convicted felon.  Id.  On February 20, 2007, pursuant to a plea agreement, Petitioner pled guilty to Counts One and Two.  ECF No. 28.  Petitioner was sentenced to 188 months as to Count One and to 60 months as to Count 2 to be served consecutively to one another for an aggregate term of imprisonment of 248 months followed by three years of supervised release.  ECF No. 32 at 2.

### B. Appeal

Petitioner filed a direct appeal with the Fourth Circuit Court of Appeals challenging the district court's acceptance of his guilty plea and the denial of his request to withdraw the plea at sentencing.  ECF No. 39 at 3.  However, on October 10, 2008, the Fourth Circuit found that the district court did not err when it denied Petitioner's motion to withdraw his plea and affirmed his conviction. Id.

---

[2] The facts in Sections II. A., B., and C. are taken from the Petitioner's criminal Case No. 1:06-CR-453 in the United States District Court for the District of Maryland, available on PACER. Unless otherwise noted, the ECF entries in this section refer to that criminal case.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

### C. Motions to Vacate and Other Post-Conviction Motions for Relief

On November 5, 2009, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 in the sentencing court. ECF No. 42. Additionally, Petitioner filed a motion to strike the Government's opposition on February 23, 2010. ECF No. 46. On April 28, 2010, by memorandum opinion and order, the Court denied both motions. ECF Nos. 49, 50. The Court also declined to issue a certificate of appealability. ECF No. 50.

On February 3, 2016, Petitioner filed a Motion to Reduce Sentence "under 18 U.S.C. § 3582 based on Amendment 782" and requested counsel be appointed to his case. ECF No. 63. On February 13, 2017, the district court entered an Order denying his motion. ECF No. 72.

By letter filed on June 18, 2018, Petitioner requested that the Court allow him "to resubmit [his] § 3582(c)(2) Motion" based on the Supreme Court's decision in "Hughes v. U.S." ECF No. 73. Petitioner then filed a motion on May 29, 2019, requesting a sentence reduction pursuant to the First Step Act. ECF No. 76. Both the motion to resubmit [ECF No. 73] and the motion to reduce sentence [ECF No. 76] remain pending.

### D. Instant § 2241 Petition

In his § 2241 petition, Petitioner asserts two grounds for relief as to his conviction and sentence. ECF No. 1. Petitioner asserts that: (1) his "conviction was obtained in violation of [his] Fifth Amendment [r]ight to an indictment" because there are two separate offenses charged in Count One of his second superseding indictment – distribution *and* possession with intent to distribute narcotics; and (2) that he is "actually innocent of the § 924(c)

charge" – possession of a firearm in furtherance of a drug trafficking crime – because the firearm was not possessed to further a crime. Id. at 5-6.

In Petitioner's Memorandum in Support [ECF No. 1-1], Petitioner "moves this court for relief based on the Fourth Circuit's decision in United States v. Wheeler" and requests that the court "vacate his conviction/sentence on his 924(c) charge" because "his sentence is a fundamental defect." ECF No. 1-1 at 1. Additionally, Petitioner claims that "being convicted of this offense is in violation of his Fifth Amendment right to an indictment." Id.

### III.  STANDARD OF REVIEW

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing § 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards that formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss

a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### IV. ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to § 2241, on the other hand, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence."

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241 if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar,[4] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective," and the standard is an extremely stringent one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

(1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;

---

[4] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
  a. The date on which the judgment of conviction becomes final;
  b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

6

> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

It appears that Petitioner is attempting to satisfy the savings clause in order to argue actual innocence in his petition for relief under § 2241.[5] For the reasons discussed herein, Petitioner's argument must fail. In the instant case, even if Petitioner satisfied the first and the third elements of Jones, the crimes for which Petitioner was convicted – distribution and possession with intent to distribute narcotics and possession of a firearm in furtherance of a drug trafficking crime – remain criminal offenses. Since Petitioner cannot satisfy the second element of Jones, he cannot satisfy the savings clause in order to pursue a challenge of his conviction under § 2241.

More recently, in United States v. Wheeler, 886 F. 3d 415, 419 (4th Cir. 2018), the Fourth Circuit ruled that a prisoner may use § 2255's savings clause to challenge not just an unlawful conviction, but also a defective sentence. Specifically, the Fourth Circuit ruled that a § 2255 is inadequate or ineffective to test the legality of a sentence if the following four conditions are met:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

---

[5] See Bousey v. United States, 523 U.S. 614, 623 (1998) In order to 'open the portal' to a section 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of section 2255. Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

    (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and

    (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429. The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

    The Court reviews Petitioner's challenge to his sentence under the four-part Wheeler test. As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. However, Petitioner cannot meet the second element of the Wheeler test, because subsequent to Petitioner's direct appeal and first § 2255, there was no substantive law changed that was to be applied retroactively on collateral review.

    To the extent Petitioner relies on United States v. King, 628 F.3d 693 (4th Cir. 2011) to satisfy the second requirement of Wheeler, this argument is without merit. ECF No. 1-1 at 4. In King, the defendant was convicted of possession of a firearm in furtherance of a drug trafficking crime. King, 628 F.3d 696. On appeal, the defendant claimed there was insufficient evidence to support his § 924(c) conviction, but the Fourth Circuit found there was sufficient evidence. Id. at 701. Regardless of the facts, King did not change the settled substantive law which established the legality of Petitioner's sentence, nor was King made retroactive on collateral review. Accordingly, Petitioner fails to meet the second requirement of Wheeler, and the undersigned need not address the third and fourth prongs of Wheeler.[6]

---

[6] Although Petitioner claims that he "is actually innocent of 18 U.S.C. § 924(c)," Petitioner still fails to meet the mandatory four-part Wheeler test and relief pursuant to § 2241 is unavailable. ECF No. 1 at 5.

Petitioner's claims raised under § 2241 seek relief that is instead properly considered under § 2255. Petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition. Because Petitioner cannot meet the savings clause of § 2255, Petitioner's claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the Petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S. Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's § 2241 petition [ECF No. 1] be **DENIED and DISMISSED WITHOUT PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to timely file written objections to the Recommendation set forth above will result in waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. § 636(b)(1); Thomas v.

---

Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: January 13, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE